Case 3:18-cr-03737-WQH   Document 380   Filed 01/23/25   PageID.1985   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>JOSE LUIS GARCIA-MUNGUIA (1)<br><br>Date of Original Judgment: 03/12/2020<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) Case No: 18cr3737-WQH-1<br>) USM No:<br>)<br>)<br>) _____<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant moves for a reduced sentence as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, contending that he is a "zero-point offender." (ECF No. 375.) However, Defendant agreed at the time of sentencing and the Court subsequently found that he had three criminal history points and was in a criminal history category II. (See ECF No. 304 at 2; Sentencing Trans at 7-8, ECF No. 317; see also PSR ¶¶ 45-48.) Defendant is therefore ineligible for the adjustment as a zero-point offender under USSG § 4C1.1, the first requirement of which is that "the defendant did not receive any criminal history points[.]" Even if Defendant qualified for the zero-point offender provision, after applying a two-level reduction pursuant to § 4C1.1, the resulting amended guideline range would have been 210 to 262 months. (See Sentencing Trans. at 8, ECF No. 317 (finding Defendant's offense level to be 39).) Because the low end of the amended guideline range is higher than Defendant's custodial sentence of 150 months, he would be ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A). Moreover even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the below-guideline 150-month custodial sentence imposed. The Motion for Reduction in Sentence is denied. (ECF No. 375.)

Except as otherwise provided, all provisions of the judgment dated 03/12/2020 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 1/23/25

*Judge's signature*: William Q. Hayes

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*